UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATRINA V. DESHOTEL,

                                              Plaintiff,

                                         v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                              Defendant.

DECISION AND ORDER

17-CV-6274L

_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On March 21, 2014, plaintiff, then forty years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work since March 15, 2012. (Dkt. #8 at 14).[1] Those applications were initially denied. Plaintiff requested a hearing, which was held June 21, 2016 before Administrative Law Judge ("ALJ") Jennifer Gale Smith. On July 19, 2016, the ALJ issued a decision finding plaintiff not disabled. (Dkt. #8 at 14-22). That decision became the final decision of the Commissioner when the Appeals Council denied review on March 8, 2017. (Dkt. #8 at 1-3). Plaintiff now appeals.

       The plaintiff has moved, and the Commissioner has cross moved, for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, plaintiff's motion

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

(Dkt. #10) is granted, the Commissioner's cross motion (Dkt. #12) is denied, and the matter is remanded for further proceedings.

## DISCUSSION

An ALJ applies a well-established five-step evaluation process to determine whether a claimant is disabled within the meaning of the Social Security Act, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ determined that plaintiff has suffered from the following severe impairments: migraine headaches, anxiety, depression, hand numbness and fibromyalgia. (Dkt. #8 at 16).

After reviewing of the evidence of record, the ALJ found that the plaintiff has retained the residual functional capacity ("RFC") to perform sedentary work, except that she should have no more than occasional exposure to dust, odors, fumes and gases and extreme hot and cold temperatures and humidity. The plaintiff should not be required to work in direct sunlight. She can frequently reach, handle, finger, and feel. She is limited to goal-oriented work rather than production pace work. She should be permitted to wear sunglasses while working. (Dkt. #8 at 18).

When presented with this RFC, vocational expert Linda N. Vause testified that plaintiff could perform the positions of document preparer, information clerk, and addresser. (Dkt. #8 at 21).

Plaintiff argues that the ALJ erred when she assessed the effect of plaintiff's depression and anxiety on her RFC without the benefit of a medical opinion, and that her decision was therefore a lay opinion, based on an incomplete record. The Court concurs.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record. This duty exists even when the claimant is represented by counsel." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). While it is not *per se* error for an ALJ to make an RFC determination without relying on a medical opinion, the ALJ's determination must be supported by substantial evidence of record. S*ee Tankisi v. Commissioner*, 521 Fed. Appx. 29 (2d Cir. 2013). Thus, where the record is not otherwise complete and fails to meaningfully address a claimant's functional physical and/or mental limitations, the ALJ's duty to further develop the record is triggered, and the ALJ's failure to satisfy that duty is reversible error. *See Williams v. Colvin*, 2016 U.S. Dist. LEXIS 51621 at *12-*13 (W.D.N.Y. 2016).

Here, although the ALJ found that plaintiff's severe impairments included depression and anxiety, the record was devoid of medical opinion evidence concerning the plaintiff's mental RFC. Indeed, the ALJ did not cite to any evidence of record, or otherwise provide any factual basis to support, any of her findings concerning plaintiff's mental RFC, other than to summarize plaintiff's own testimony concerning her daily activities. (Dkt. #8 at 17).

Stated simply, the record lacks any useful medical evidence, and particularly an opinion by any treating or examining source, that addresses whether and to what extent plaintiff's mental impairments impact her ability to perform work-related functions. Although the ALJ briefly questioned plaintiff at the hearing about her anxiety and depression, she testified only that her depression "comes in waves," that her anxiety causes constant nervousness, and that she was

presently on a two-month waiting list to see a mental health specialist because her anxiety was "not under control." (Dkt. #8 at 37-38).

Given the lack of evidence concerning plaintiff's mental limitations, the ALJ was required to obtain a consultative examination and/or seek additional opinion evidence from plaintiff's treating physician, Dr. Ronald Guzman, who prescribed plaintiff's medications for depression and anxiety. *See Hooper v. Colvin*, 199 F. Supp. 3d 796, 815 (S.D.N.Y. 2016) (remand is required where ALJ "made [claimant's] disability determination based on a record devoid of any truly complete medical opinion"). *See also Haymond v. Colvin*, 2014 U.S. Dist. LEXIS 68511 at *22 (W.D.N.Y. 2014) (remand is required where "no psychiatrist, psychologist, social worker, or counselor examined Plaintiff and gave an opinion regarding the functional limitations caused by her . . . mental impairments").

The Commissioner argues that because the record reflects only minor psychological impairments, and because plaintiff had not sought treatment from any specialists for those impairments (although she did indicate at the hearing that she was on a waiting list to do so), the ALJ was within her discretion to make a "common sense judgment" concerning the impact of the claimant's mental limitations, and no medical opinion evidence was necessary. *Gross v. Astrue*, 2014 U.S. Dist. 63251 at *51 (W.D.N.Y. 2014) (quoting *House v. Astrue*, 2013 U.S. Dist. LEXIS 13695 at *10 (N.D.N.Y. 2013)). However, the Commissioner's *post hoc* description of plaintiff's mental impairments as minor is undermined by the ALJ's step two finding that plaintiff's depression and anxiety are "severe" impairments. (Dkt. #8 at 16). *See Jones v. Colvin*, 2015 U.S. Dist. LEXIS 116298 at *10-*11 (W.D.N.Y. 2015) ("because the ALJ concluded that [p]laintiff's depression was significant enough to constitute a severe impairment, his subsequent failure to obtain a medical assessment of the extent of that impairment from either a treating or consultative

examiner quantifying [p]laintiff's mental limitations rendered the record incomplete"). Moreover, while an ALJ may, in some circumstances, proceed without a medical source opinion as to the claimant's functional limitations, there must still be "sufficient evidence" for the ALJ to properly make the RFC determination. *See Sanchez v. Colvin*, 2015 U.S. Dist. LEXIS 20812 at *6 (S.D.N.Y. 2015) ("the administrative record here is a far cry from [those] which have excused the ALJ's failure to seek a treating physician's opinion based on the completeness and comprehensiveness of the record"). Here, the record lacks any such evidence.

In any event, the leeway given to ALJs to make "common sense judgments" does not necessarily extend to the assessment of mental limitations, which are by their very nature "highly complex and individualized." *Nasci v. Colvin*, 2017 U.S. Dist. LEXIS 31937 at *26 (N.D.N.Y. 2017) (because mental limitations determinations are extremely complex, an ALJ's mental RFC finding cannot be rendered solely on common sense, but requires medical opinion evidence).

Because the ALJ's RFC finding was not supported by any medical opinions of record with respect to plaintiff's mental impairments, I find that the ALJ did not satisfy her duty to complete the record, and that her RFC finding was not supported by substantial evidence. Remand is therefore appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further administrative proceedings, including but not limited to the obtainment and

consideration of medical opinion evidence relative to the limitations, if any, posed by plaintiff's mental impairments.

       IT IS SO ORDERED.

                                      _____
                                             DAVID G. LARIMER
                                        United States District Judge

Dated: Rochester, New York
       June 22, 2018.