UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATRINA V. DESHOTEL,

                                                                                                                        <u>DECISION AND ORDER</u>

                                 Plaintiff,

                                                                                                                         17-CV-6274L

              v.

ANDREW SAUL,
Commissioner of Social Security,

                                 Defendant.
_____

      Pending before the Court is a motion by counsel for plaintiff, a prevailing party in this action for Social Security benefits, for an order awarding attorney's fees pursuant to 42 U.S.C. §406(b). (Dkt. #20). Pursuant to a contingent fee agreement permitting an award of attorneys fees of up to 25% of the past-due benefits award, plaintiff's counsel, Elizabeth Haungs of the Law Offices of Kenneth Hiller PCCL, seeks an award of $16,361.15 (25% of the award for past-due benefits), which will be reduced by $6,841.57 when counsel refunds to plaintiff the amount previously awarded to the plaintiff for attorney fees under the Equal Access to Justice Act ("EAJA"). The Commissioner does not oppose plaintiff's motion, and has filed a response indicating that the *de facto* hourly rate requested by plaintiff's counsel is one that "[c]ourts generally have not considered . . . to be a windfall." (Dkt. #24 at 4).

      The Court concurs that the amount of the requested fee is reasonable, in light of the character of the representation, plaintiff's counsel's expertise in Social Security law, the results that were achieved, and the absence of any delay in the proceedings by counsel. *See Silliman v.*

*Barnhart*, 421 F.Supp.2d 625 (W.D.N.Y. 2006); *Joslyn v. Barnhart*, 389 F.Supp.2d 454 (W.D.N.Y.2005). The Court has reviewed the time record summary submitted by plaintiff's counsel (Dkt. #20-2), and I find no evidence of delay or duplication of effort. The Court has also considered the deference that is owed to agreements between an attorney and client, the interest in assuring future representation for disability claimants, and the lack of any factor indicating that the requested award would result in a windfall. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The Court further observes that the amount sought does not exceed the statutory 25% cap. *See* 42 U.S.C. §406(b)(1)(A).

The net amount of attorney's fees that counsel stands to receive – $16,361.15 – results in a *de facto* hourly rate of $470.15 for 34.8 hours of attorney time, even if calculated prior to the EAJA refund. This amount is at the low end of the range of hourly fees found to be reasonable in similar recent cases in this district. *See e.g., Rice v. Commissioner*, 2019 U.S. Dist. LEXIS 6405 at *6 (W.D.N.Y. 2019) (collecting cases, and noting that hourly rates of $726.40 per hour and similar are not unreasonable); *Post v. Saul*, 2019 U.S. Dist. LEXIS 111465 at *6 (W.D.N.Y. 2019) (granting attorneys fees which result in a *de facto* hourly rate of $677.21); *Wells v. Berryhill*, 2018 U.S. Dist. LEXIS 196634 at *8 (W.D.N.Y. 2018) (finding that a fee request that would result in *de facto* rates of $911.50 per hour is unreasonable, and reducing the award to a "reasonable" fee with *de facto* hourly rates of $740.85 per hour); *Vinson v. Colvin*, 2016 U.S. Dist. LEXIS 83880 at *4-*5) (W.D.N.Y. 2016) (noting that the "Second Circuit has upheld as non-'windfalls' a higher *de facto* hourly rate than that found here, which totaled $588.90 per hour"); *McCarthy v. Colvin*, 2016 U.S. Dist. LEXIS 78273 at *4-*5 (W.D.N.Y. 2016) (finding a *de facto* hourly rate of $758.69 per hour to be reasonable, and observing that Second Circuit has upheld fee awards at even higher rates).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees pursuant to 42 U.S.C. §406(b) (Dkt. #20) in the amount of $16,361.15 is granted. The award is to be made payable to the Law Offices of Kenneth Hiller PLLC, attorneys for plaintiff. If counsel has not already refunded the amount of previously-awarded EAJA fees to the plaintiff pursuant to 28 U.S.C. §2412, counsel is directed to do so now.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       June 25, 2020